## R. D. FUGLER *v.* THE STATE.

CRIMINAL LAW. *Trial in absence of defendant. Bill of exceptions, how pre-pared.*

F. was at large upon a recognizance, charged with the commission of a misdemeanor. He failed to appear when his case was called for trial, but the trial took place, and he was convicted. He appeared on the next day and moved for a new trial, basing his motion, in part, upon the allegation that the verdict was contrary to the evidence. Upon the hearing of the motion, he insisted that the State's witnesses should be compelled to reappear and repeat the testimony which they had given before the jury. This request was denied, upon the ground that the judge had a sufficient recollection of the testimony to act upon the motion, and that if the defendant did not know what the evidence was against him, it was his own fault. It is urged that this action of the court deprived the accused of an opportunity to know what testimony had been adduced against him, and of all possibility of making out a bill of exceptions for this court embodying that testimony. *Held,* that the action of the court below was correct. The defendant could have tendered to the district attorney and the judge such recital of the testimony as he might learn from others had been delivered against him, and have obtained a bill of exceptions, with such modifications and corrections as those officers thought proper to make. The inconvenience and disadvantage incident to that course were the result of his own wrong in absenting himself from the trial, and cannot be complained of by him.

APPEAL from the Circuit Court of Lawrence County.

Hon. A. G. MAYERS, Judge.

The case is stated in the opinion of the court.

*A. C. McNair,* for the appellant.

The court below should have allowed the defendant to show, upon the hearing of his motion for a new trial, what testimony the State had introduced to procure his conviction. The purpose of the defendant, in seeking to have such testimony repeated, was to get an opportunity to embody it in a bill of exceptions, to be considered by this court on appeal. The evidence was insufficient; and the only way it could be presented to this court was by having the witnesses to repeat it, on the defendant's motion. The action of the Circuit Court deprived the defendant of his right to have the evidence on which he was convicted reviewed by this court.

*T. C. Catchings,* Attorney-General, for the State.

After a careful examination of the record and the brief of

counsel for the appellant; I find no merit in the assignments of error.

Chalmers, C. J., delivered the opinion of the court.

Appellant, who was at large upon recognizance, charged with the commission of a misdemeanor, failed to appear at the time of trial. The trial, nevertheless, proceeded in his absence, and resulted in a conviction.

He appeared the next day and moved for a new trial, basing the motion in part upon an allegation that the verdict of the jury was contrary to the evidence; and, upon the hearing of the motion, insisted that the State's witnesses should be compelled to reappear, and in his presence, and before the judge, repeat the testimony previously delivered before the jury. The court overruled this application, upon the ground that it had sufficient recollection of the testimony to act upon the motion, and that if the accused did not have it, it was his own fault. It is earnestly insisted that this was wrong, inasmuch as it deprived the accused of all opportunity to know what testimony had been adduced against him, and of all possibility of making out a bill of exceptions for this court embodying that testimony, for inspection here. This is not true. The accused could have tendered to the district attorney and the judge such recital of the testimony as he might learn from others had been delivered against him, and would have obtained a bill of exceptions, with such modifications and corrections as those officials thought proper to make. He would, of course, be very much at their mercy, or rather subject to their sense of justice and recollection of what had occurred; but this was the unavoidable consequence of his own wrongful act in absenting himself from trial, and he cannot complain of it.

To give a person who has so absented himself an absolute right to demand that all the witnesses against him should be recalled after trial, in order that they may repeat in his presence the testimony previously delivered, would be most

troublesome in practice, and inevitably lead to disputes and contentions as to whether the testimony, as repeated, agreed with that originally delivered.

There was no error in refusing it.   The other errors assigned are without merit.

Affirmed.